UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AJB PROPERTY INVESTMENT, LLC | * | CIVIL ACTON NO. 2:23-cv-2471 |
| | * | |
| vs. | * | JUDGE: JAY C. ZAINEY |
| | * | |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON | * * * | MAGISTRATE JUDGE: KAREN WELLS ROBY |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT come Certain Underwriters at Lloyd's, London, severally subscribing to Certificate No. BOD677391R2 (identified in the Complaint as "Certain Underwriters at Lloyd's, London") (hereinafter "Defendants"), without waiving and specifically reserving all defenses available to Defendants, answer the Complaint for Damages filed by AJB Property Investment, LLC as follows:

1.

The allegations of Paragraph 1 of the Complaint for Damages denied for lack of information sufficient to form a belief in the accuracy thereof.

2.

The allegations of Paragraph 2 of the Complaint for Damages are denied as stated. Defendants, Certain Underwriters at Lloyd's, London, severally subscribing to Certificate No. BOD677391R2, are surplus lines insurers registered in the United Kingdom of Great Britain.

3.

The allegations of Paragraph 3 of the Complaint for Damages are admitted.

4.

In response to the allegations of Paragraph 4 of the Complaint for Damages, this Court's jurisdiction is admitted. All remaining allegations of Paragraph 4 are denied.

5.

The allegations of Paragraph 5 of the Complaint for Damages are admitted.

6.

The allegations of Paragraph 6 of the Complaint for Damages are denied.

7.

In response to the allegations of Paragraph 7 of the Complaint for Damages, Defendants admit that the Policy of insurance bearing Certificate No. BOD677391R2 (the "Policy") is the best evidence of its contents, including but not limited to its terms, conditions, exclusions, deductibles, limits and sublimits, and coverages. Anything and everything at variance therewith is denied.

8.

In response to the allegations of Paragraph 8 of the Complaint for Damages, Defendants admit that the Policyis the best evidence of its contents, including but not limited to its terms, conditions, exclusions, deductibles, limits and sublimits, and coverages. Anything and everything at variance therewith is denied.

9.

The allegations of Paragraph 9 of the Complaint for Damages are denied.

10.

The allegations of Paragraph 10 of the Complaint for Damages are denied.

11.

The allegations of Paragraph 11 of the Complaint for Damages are denied.

12.

The allegations of Paragraph 12 of the Complaint for Damages are denied.

13.

In response to the allegations of Paragraph 13 of the Complaint for Damages, Defendants admit that the Policy is the best evidence of its contents, including but not limited to its terms, conditions, exclusions, limits and sublimits, and coverages.  Anything and everything at variance therewith is denied.

14.

In response to the allegations of Paragraph 14 of the Complaint for Damages, Defendants admit that the Policy is the best evidence of its contents, including but not limited to its terms, conditions, exclusions, limits and sublimits, and coverages.  Anything and everything at variance therewith is denied.

15.

The allegations of Paragraph 15 of the Complaint for Damages are denied.

16.

The allegations of Paragraph 16 of the Complaint for Damages are denied.

17.

The allegations of Paragraph 17 of the Complaint for Damages are denied.

18.

The allegations of Paragraph 18 of the Complaint for Damages are denied.

19.

The allegations of Paragraph 19 of the Complaint for Damages do not require a response from these Defendants. All liability to Plaintiff is denied.

20.

The allegations of the Plaintiff's "Prayer" (the paragraph commencing "WHEREFORE") are denied.

21.

Any and all allegations of the Complaint not otherwise answered herein, numbered or un-numbered, are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has no right of action against Defendants.

### THIRD DEFENSE

Defendants plead accord and satisfaction as an affirmative defense to the claims asserted herein.

### FOURTH DEFENSE

Defendants specifically plead that Plaintiff cannot recover for damages not causally related to the August 29, 2021 event that are the subject of the Complaint for Damages, including but not limited to damages caused by prior unreported occurrences and/or damages resulting from causes of loss excluded from coverage, or otherwise not covered, by the Policy.

### FIFTH DEFENSE

Plaintiff has failed to mitigate its damages.

## SIXTH DEFENSE

The Policy, and all endorsements thereto, is affirmatively plead, as if it were set forth herein in full, and Defendants deny anything at variance with the written terms, conditions, definitions, limitations, sublimits, exclusions, deductibles, and provisions of the Policy, including but not limited to the non-exclusive Policy provisions set forth hereinafter.

## SEVENTH DEFENSE

Plaintiff has failed to comply with duties and obligations set forth in the Policy.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed to submit satisfactory proof of loss fully apprising Defendants of the claims made and/or failed to provide Defendants with notice or proof of the extent and amount of Plaintiff's alleged losses.

## NINTH DEFENSE

Defendants deny that Plaintiff has met the contractual conditions precedent to recover under the Policy for the damages sought.

## TENTH DEFENSE

Defendants affirmatively plead the Named Storm deductibles set forth at the Policy's Named Storm Percentage Deductible (HSNAMEDSTORM 01-04).

## ELEVENTH DEFENSE

Defendants affirmatively plead the Existing Damage Exclusion Endorsement (BW45 03-11) which provides:

> **EXISTING DAMAGE EXCLUSION ENDORSEMENT**
> **APPLIES TO ALL FORMS**
> **EXCLUSIONS**
> The following exclusions are added under:
> **Section** I - **Exclusions**

> in Forms HO 00 03 10 00, HO 00 04 10 00, HO 00 05 10 00 and HO 00 06 10 00, and
> **Exclusions**
> In Forms DP 00 01 12 02 and DP 00 03 12 02 only.
>
> **Existing Damage**
> We do not insure for loss caused directly or indirectly by existing damage. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
>
> Existing Damage means:
> a) Any damages which occurred prior to policy inception regardless of whether such damages were apparent at the time of the inception of this policy or at a later date;
> b) Any claims or damages arising out of workmanship, repairs and or lack of repairs arising from damage which occurred prior to policy inception; or
> c) Any claims or damages unless all structures covered by your previous policy have been fully and completely repaired. Prior to such completion of repairs, coverage will be limited to the actual cash value of the property at the time of a covered loss occurring during the policy period,
>
> All other provisions of this policy apply.
> All other terms and conditions remain unchanged.

## TWELTH DEFENSE

Defendants affirmatively plead the Microorganism Exclusion (Absolute) (LMA5018).

## THIRTEENTH DEFENSE

Defendants affirmatively plead the SECTION 1 - PERILS INSURED AGAINST section of the Dwelling Property 3-Special Form (form DP 00 03 12 02), which states:

> **PERILS INSURED AGAINST**
> **A. Coverage A - Dwelling And Coverage B – Other Structures**
>     **1.** We insure against risk of direct physical loss to property described in Coverages **A** and **B.**
>     **2.** We do not insure, however, for loss:
>         **a.** Excluded under General Exclusions;
>
>             \* \* \*

> **c.** Caused by:
>
> * * *
>
> **(8)** Any of the following:
> (a) Wear and tear, marring, deterioration;
> * * *
> **(c)** Smog, rust or other corrosion, mold, wet or dry rot;
> * * *
> (f) Settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings; or
> (g) Birds, vermin, rodents, insects or domestic animals.

* * *

## **FOURTEENTH DEFENSE**

Defendants affirmatively plead the CONDITIONS section of the Dwelling Property 3-Special Form (form DP 00 03 12 02), which states, in relevant part:

> **D. Duties After Loss**
> In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:
>
> * * *
>
> **2.** Protect the property from further damage. If repairs to the property are required, you must:
> **a.** Make reasonable and necessary repairs to protect the property; and
> **b.** Keep an accurate record of repair expenses;
>
> * * *
>
> **4.** Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;

    **5.** As often as we reasonably require:

      **a.** Show the damaged property;
      **b.** Provide us with records and documents we request and permit us to make copies; and
      **c.** Submit to examination under oath, while not in the presence of another "insured", and sign the same;

## FIFTEENTH DEFENSE

Defendants affirmatively plead CONDITIONS section of the Dwelling Property 3-Special Form (form DP 00 03 12 02), which states, in relevant part:

**J. Suit Against Us**

No action can be brought against us unless there has been full compliance with all of the terms under Section **I** of this policy and the action is started within two years after the date of loss.

## SIXTEENTH DEFENSE

The exact damages/losses claimed by Plaintiff has not been fully documented or established, and thus Defendants cannot adequately determine all provisions of the Policy that may be applicable to Plaintiff's claims. Therefore, Defendants expressly reserve by this reference the right to raise additional defenses to the extent that:

(1)   Additional defenses become applicable under state and/or federal law.

(2)   Additional defenses are established as discovery proceeds.

(3)   Additional defenses are available under subsequently asserted theories of recovery.

## SEVENTEENTH DEFENSE

Defendants preserve such other affirmative defenses that may become available to them by this Answer and do not waive subsequent defenses.

**WHEREFORE**, Defendants, Certain Underwriters at Lloyd's, London, severally subscribing to Certificate No. BOD677391R2, pray that Defendants' Answer be deemed good and

sufficient, and that all claims and causes of action by Plaintiff against Defendants be dismissed with prejudice, all costs to be paid by Plaintiff.

                              Respectfully submitted,

                              **ADAMS HOEFER HOLWADEL, LLC**

                              */s/     Phillip J. Rew*
                              **BRUCE R. HOEFER, JR. (#6889)**
                              **Email: brh@ahhelaw.com**
                              **D. RUSSELL HOLWADEL (#16975) T.A.**
                              **Email: drh@ahhelaw.com**
                              **PHILLIP J. REW (#25843)**
                              **Email: pjr@ahhelaw.com**
                              **HEATHER E. REZNIK (#29175)**
                              **Email: her@ahhelaw.com**
                              **KYLE M. TRUXILLO (#38920)**
                              **Email: kmt@ahhelaw.com**
                              **RICHARD R. STEDMAN, II (#29435)**
                              **Email: rrs@ahhelaw.com**
                              400 Poydras Street, Suite 2450
                              New Orleans, Louisiana  70130
                              Telephone:    (504) 581-2606
                              Facsimile:     (504) 525-1488
                              ***Attorneys for Certain Underwriters at Lloyd's London, severally subscribing to Certificate No. BOD677391R2***

## CERTIFICATE OF SERVICE

I certify that on this 17th day of August 2023, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

                        */s/ Phillip J. Rew*
                      **PHILLIP J. REW**